IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AXION CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2644C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Firestone) |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

Admits the allegations contained in the paragraph titled "COMPLAINT," to the extent supported by the final decision of the Navy contracting officer terminating the contract for default, which is the best evidence of its contents; otherwise denies the allegations contained in the first paragraph of the complaint.

1. The allegations contained in paragraph 1 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. The allegations contained in paragraph 3 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, admits that the United States is the defendant in this case; otherwise denies the allegations contained in paragraph 3.

4. Admits the allegations contained in paragraph 4 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 4.

5. Admits.

6. Admits.

7. Admits.

8. Admits that the Navy had a requirement to procure PS-115s, but denies the allegation that the Navy had "several thousand PS-115s in [its] inventory [that] were leaking electrolyte."

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract N00106-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Denies the allegations contained in the first sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegation in the second sentence of paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the solicitation to contract N00106-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Denies the allegation contained in the first sentence of paragraph 12 that Axion submitted the lowest price proposal. Admits the allegation in the second sentence of paragraph 12 to the extent supported by contract N00106-96-C-KA09, which is the best evidence of the award date to Axion; otherwise denies the allegations contained in the second sentence of paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by contract N00106-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 13.

14. Denies.

15. Admits the allegations contained in paragraph 15 to the extent supported by contract N00106-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits that contract N00106-96-C-KA09 does not "specifically mention an 'air gun'," but denies the remaining allegation in paragraph 16 for lack of knowledge or information to form a belief as to the truth of the matters asserted. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

18. The allegations contained in paragraph 18 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. Admits the allegations contained in the first sentence of paragraph 19 to the extent supported by contract N00106-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 19. Denies the allegations in the second and third sentence of paragraph 19 that Axion complied with the specifications of contract N00106-96-C-KA09. Admits the allegations in the third, fourth, and fifth sentences of paragraph 19 that Axion's manufactured product had electrolyte leaking out of the copper reservoirs and that this affected the PS-115's shelf-life, but avers that there was no requirement

for the PS-115s to have a twenty-year shelf life; otherwise denies the allegations in paragraph 19.

20. The allegations contained in paragraph 20 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

23. Admits the allegations contained in paragraph 23 to the extent supported by contract N00106-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits.

25. Admits the allegations contained in paragraph 25 to the extent supported by the Acudyne Corporation contracts, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the January 17, 1996 letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the Navy did not provide Axion with an air gun, and avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism.

28. Denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

29. Denies the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

30. Denies the allegations contained paragraph 30 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

31. Denies the allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted in Axion's April 15, 1997 letter because the Navy has no record of ever receiving this letter.

32. Admits.

33. Denies the allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism.

34. Denies the allegations contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism.

35. Denies the allegations contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism.

36. Admits the allegations contained in paragraph 36 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 36.

37. Admits that Axion informed the Navy that the Army Research Lab ("ARL") did not enter into a Cooperative Research and Development Agreement ("CRDA"); otherwise denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

39. Denies the allegations contained in paragraph 39 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

40. Admits that the Navy contracting officer did not contact the ARL on Axion's behalf, and avers that Navy had no obligation to contact the ARL.

41. Denies the allegations contained in paragraph 41 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, and avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism.

42. Admits the Navy received a letter from Axion dated May 30, 1997, and admits to the language of that letter to the extent supported by the May 30, 1997 letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted in the letter.

43. Admits that Axion informed the Navy it was having difficulties developing an air

gun; denies the remaining allegations in paragraph 43 for lack of knowledge or information sufficient to form a belief as to the truth of whether the difficulties were “extreme” or "unreasonable."

44. Admits that Axion informed the Navy it was having difficulties developing an air gun; denies the remaining allegations in paragraph 44 for lack of knowledge or information sufficient to form a belief as to the truth of whether the difficulties caused “extreme” or "unreasonable" expense to Axion.

45. The allegations contained in paragraph 45 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

46. The allegations contained in paragraph 46 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

47. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

48. Denies the allegations contained in paragraph 48 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism.

49. Denies the allegations contained in paragraph 49 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun or

any other acceptance or inspection equipment or testing mechanism.

50. Denies the allegations contained in paragraph 50 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment or testing mechanism.

51. Admits the Navy did not inform Axion at the time of contract award that the ARL had experienced difficulties with air gun testing of PS-115s, but denies any inference that the ARL was in fact experiencing difficulties with air gun testing of PS-115s, and denies that previous vendors had experienced difficulties with air gun testing of PS-115s for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun or any other acceptance or inspection equipment or testing mechanism.

52. Admits the allegations contained in paragraph 52 to the extent supported by contract N00106-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 52. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun or any other acceptance or inspection equipment or testing mechanism.

53. Admits the allegations contained in paragraph 53 to the extent supported by contract N00106-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 53.

54. Admits the allegation contained in paragraph 54 to the extent supported by contract N00106-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 54. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism.

55. The allegations contained in paragraph 55 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

57. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

58. Admits the allegations contained in paragraph 58 to the extent supported by contract N00106-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 58.

59. Admits the allegations contained in paragraph 59 to the extent supported by contract N00106-96-C-KA09, which is the best evidence of its contents and what was required by Axion (or others) to successfully perform upon the contract; otherwise denies the allegations contained in paragraph 59.

60. Denies.

61. The allegation contained in the first sentence of paragraph 61 is a conclusion of law, and characterization of plaintiff's case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Denies the allegations in the second sentence of

paragraph 61 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

62. The allegations contained in paragraph 62 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

63. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

64. The allegations contained in paragraph 64 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

65. Admits the allegation contained in the first sentence of paragraph 65 that the ARL is an entity of the United States. Denies the allegations in the second sentence of paragraph 65 for lack of knowledge and information sufficient to form a belief as to the truth of the matters asserted.

66. Denies the allegations contained in paragraph 66 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

67. Denies.

68. The allegations contained in paragraph 68 are conclusions of law, and characterization of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

69. The allegations contained in paragraph 69 are conclusions of law, and characterization of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

70. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

71. Admits the Navy received a letter from Axion dated January 17, 1997, and admits to the language of that letter to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 71.

72. Admits the United States did not provide Axion with an air gun to perform testing, and avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other testing mechanism.

73. Denies the allegations contained in paragraph 73 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted in Axion's April 15, 1997 letter because the Navy has no record of ever receiving this letter.

74. Admits.

75. Admits the allegations contained in paragraph 75 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 75.

76. Admits that Axion informed the Navy that the Army Research Lab ("ARL") did not enter into a Cooperative Research and Development Agreement ("CRDA"); otherwise denies the allegations contained in paragraph 76.

77. Denies the allegations contained in paragraph 77 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

78. Denies the allegations contained in paragraph 78 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

79. Admits that the Navy contracting officer did not contact the ARL on Axion's behalf, and avers that Navy had no obligation to contact the ARL.

80. The allegations contained in paragraph 80 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

81. The allegations contained in paragraph 81 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

82. The allegations contained in paragraph 82 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

83. The allegations contained in paragraph 83 is Axion's characterization of its case, to which no response is required.

84. Admits.

85. Admits that the Navy was "unaware" that the air gun would require a significant developmental effort, and avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism, and thus had no reason to be aware of what effort would be required to develop an air gun.

86. Denies the allegations contained in paragraph 86 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

87. The allegations contained in paragraph 87 are conclusions of law, and

characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, defendant denies the allegations contained in paragraph 87.

88. The allegations contained in paragraph 88 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

89. The allegations contained in paragraph 89 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

90. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

91. Admits the Navy received a letter from Axion dated August 27, 1997, and admits to the language of that letter to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 91.

92. Admits to the language of the briefing slides at Exhibit 4 to the extent supported by the cited documents, which are the best evidence of their contents; denies that these slides were part of a briefing given by the ARL at the 45th Annual Fuze Conference, on April 16, 2001, for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted regarding this point.

93. Denies the allegations contained in paragraph 93 for lack of knowledge or information regarding Axion's state of mind on this point.

94. Denies the allegations contained in paragraph 94 for lack of knowledge or information regarding Axion's state of mind on this point.

95. The allegations contained in paragraph 95 are characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

96. The allegations contained in paragraph 96 are characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

97. Denies.

98. The allegations contained in paragraph 98 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

99. The allegations contained in paragraph 99 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

100. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

101. The allegations contained in paragraph 101 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

102. The allegations contained in paragraph 102 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

103. Admits the allegation contained in paragraph 103 to the extent supported by contract N00106-96-C-KA09, which is the best evidence of its contents and what the specification required; otherwise denies the allegations contained in paragraph 103.

104. Denies.

105. Denies the allegations contained in paragraph 105 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

106. Admits that Axion provided a letter to the defendant that was dated August 27, 2001, and admits to the language of that letter to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 106.

107. The allegations contained in paragraph 107 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

108. The allegations contained in paragraph 108 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

109. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

110. Denies.

111. The allegations contained in paragraph 111 are characterizations of plaintiff's case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

112. The allegations contained in paragraph 112 are characterizations of plaintiff's case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

113. The allegations contained in paragraph 113 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

114. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

115. The allegations contained in paragraph 115 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

116. Admits that contract modification P00021, dated November 12, 2003, sets forth reasons for the Navy to terminate the contract, but denies the allegation that there were only two reasons for terminating the contract; admits to the quoted language to the extent supported by the modification, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 116.

117. Admits the Navy set forth some of its reasons for terminating Axion in contract modification P00021, and admits to the quoted language to the extent it is supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 117.

118. The allegations contained in paragraph 118 are conclusions of law, and characterizations of Axion's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

119. The allegations contained in paragraph 119 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may

be deemed allegations of fact, they are denied.

120. Admits the Navy set forth some of its reasons for terminating Axion in contract modification P00021, and admits to the quoted language to the extent it is supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 120.

121. Denies the allegations contained in paragraph 121 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

122. The complaint does not contain a paragraph "122."

123. Denies the allegations in paragraph 123 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

124. Admits.

125. Admits the Navy wrote a memorandum to Axion dated September 28, 2001, and admits to the language of that letter to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 125..

126. Denies the allegations contained in paragraph 126 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

127. The allegations contained in paragraph 127 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

128. The allegations contained in paragraph 128 are conclusions of law, and characterization of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

129. The allegations contained in paragraph 129 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

130. The allegations contained in paragraph 130 are conclusions of law, and characterization of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

131. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

132. Admits to the quoted excerpts and language of modification P00021 alleged in paragraph 132 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 132.

133. Admits to the quoted language of contract N00106-96-C-KA09 alleged in paragraph 133 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 133.

134. Denies. The Navy avers that the Government Quality Assurance Representative ("GQAR"), was Mr. Henry Stickrod, and that Mr. Stickrod was assisted by an intern, Mr. Vartan.

135. Denies.

136. Denies. The Navy avers that the GQAR was Mr. Henry Stickrod, and that Mr. Stickrod was assisted by an intern, Mr. Vartan.

137. Denies.

138. Denies.

139. Denies.

140. Denies.

141. The allegation contained in paragraph 141 is a conclusion of law, and characterizations of plaintiff's case, to which no response is required; to the extent the allegation may be deemed an allegation of fact, it is denied.

142. The allegations contained in paragraph 142 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

143. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

144. Admits to the quoted language of the specification in contract N00106-96-C-KA09 alleged in paragraph 144 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 144.

145. Denies.

146. Denies.

147. Denies.

148. The allegations contained in paragraph 148 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

149. The allegations contained in paragraph 149 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

150. The allegations contained in paragraph 150 are characterizations of plaintiff's case,

to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

151. The allegations contained in paragraph 151 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

152. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

153. The allegations contained in paragraph 153 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

154. Admits to the allegations contained in paragraph 154 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 154.

155. Denies the allegation contained in paragraph 155 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun or any other acceptance or inspection equipment or testing mechanism.

156. Denies the allegation contained in paragraph 156 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun or any other acceptance or inspection equipment or testing mechanism.

157. Denies the allegation contained in paragraph 157 for lack of knowledge or

information sufficient to form a belief as to the truth of the matters asserted in paragraph 157. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun or any other acceptance or inspection equipment or testing mechanism.

158. Denies the allegations contained in paragraph 158 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

159. The allegations contained in paragraph 159 are characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

160. Admits to the allegations contained in paragraph 160 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 160.

161. Admits that defendant did not perform field tests authorized in contract N00106-96-C-KA09's technical data package ("TDP"), and avers that it had no obligations under the contract to conduct any field tests.

162. The allegations contained in paragraph 162 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

163. The allegations contained in paragraph 163 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

164. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

165. Admits to the quoted language of the Federal Acquisition Regulation ("FAR") contained in paragraph 165 to the extent supported by the provisions cited, which are the best evidence of its contents; otherwise denies the allegations in paragraph 165.

166. Denies.

167. Admits that Axion told the Navy prior to September 2002 that the PS-115s it manufactured could not meet the requirements of contract N00106-96-C-KA09 because Axion could not manufacture a PS-115 that would not leak electrolytes.

168. The allegations contained in paragraph 168 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

169. The allegations contained in paragraph 169 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

170. The allegations contained in paragraph 170 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

171. Admits.

172. The allegations contained in paragraph 172 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

173. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

174. Admits to the allegations contained in paragraph 174 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 174.

175. Denies.

176. The allegations contained in paragraph 176 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

177. Admits to the quoted language of Axion's November 13, 2000 letter to the Navy contained in paragraph 177 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 177.

178. The allegations contained in paragraph 178 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

179. The allegations contained in paragraph 179 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

180. Denies.

181. Denies the allegations contained in paragraph 181 for lack of knowledge or information regarding Axion's state of mind, but denies that NAVORD OD 18332 was defective.

182. Admits that Axion gave the Navy notice that it believed contract N00106-96-C-KA09 contained a defective specification, but denies that contract N00106-96-C-KA09 contained any defects in its specifications..

183. Denies.

184. The allegations contained in paragraph 184 are conclusions of law, and

characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

185. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

186. Admits the allegations contained in paragraph 186 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 186.

187. Denies.

188. Admits.

189. Denies.

190. Denies.

191. Admits that the contracting officer called Axion's President, Mr. Latifi, but denies the remaining allegations contained in paragraph 191.

192. Admits the contracting officer offered Axion a no-cost termination for Axion's failure to perform upon contract N00106-96-C-KA09.

193. Admits the allegations contained in the first sentence in paragraph 193. The allegations contained in the second sentence in paragraph 193 are characterizations of plaintiff's case, to which no response is required, to the extent that they may be deemed allegations of fact, they are denied for lack of information or knowledge about Axion's financial viability at the time of the conversation alleged in the second sentence of paragraph 193.

194. The allegations contained in paragraph 194 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may

be deemed allegations of fact, they are denied.

195. Admits to the allegations contained in paragraph 195 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 195.

196. Denies.

197. Admits the allegation contained in paragraph 197 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 197.

198. Denies the allegations contained in paragraph 198 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding the "discharge cell test" because none of the Navy's engineering or quality assurance personnel involved with this procurement remember any such test.

199. Denies the allegations contained in paragraph 199 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding the "discharge cell test" because none of the Navy's engineering or quality assurance personnel involved with this procurement remember any such test.

200. Admits the Navy requested sample plates from Axion, but avers that this request was made for a material test and not a discharge cell test.

201. Denies that defendant conducted a discharge cell test on cells manufactured by Axion.

202. Denies.

203. Admits that Mr. Korab only agreed to Axion's request to use nickle plates after

being assured by Axion that it, and not the Navy, would bear any additional costs incurred in the manufacturing process.

204. The allegations contained in paragraph 204 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

205. The allegations contained in paragraph 205 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

206. The allegations contained in paragraph 206 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

207. The allegations contained in paragraph 207 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

208. The allegations contained in paragraph 208 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

209. The allegations contained in paragraph 209 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

210. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 209 of the complaint or to any relief whatsoever.

211. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

212. Plaintiff's claims are barred by the doctrine of payment insofar as plaintiff has received payment upon its claims and has been fully compensated according to the terms and conditions of the contract.

213. Plaintiff’s claims are barred by the doctrine of accord and satisfaction.

214. Plaintiff's claims are barred by the doctrine of release.

215. Plaintiff's claims are barred by the doctrine of assumption of risk.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 307-0383
Attorneys for Defendant

OF COUNSEL:
Richard Martinelli
Office of Counsel
Naval Inventory Control Point
Mechanicsburg, PA 17055-0788

February 4, 2004

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 4, 2004, a copy of the foregoing Defendant's Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Douglas K. Mickle
Douglas K. Mickle