IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **AXION CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 03-2644C** |
| **v.** | ) | **(Judge Firestone)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims("RCFC"), the United States, on behalf of both parties, and with the concurrence of plaintiff, Axion Corporation ("Axion"), submits the following joint preliminary status report in response to the questions set forth in paragraph 4 of Appendix A. When necessary, Axion and defendant, the United States, will present their separate views on these subjects.

**a. Does the Court have jurisdiction over this action?**

Plaintiff states that it is without question that this Court has jurisdiction over this action.

Defendant states that it appears at this time that the Court has jurisdiction to hear and to decide the action.

**b. Should this case be consolidated with any other case?**

Plaintiff states that it appears that, in the interest of judicial economy this case should be consolidated with Axion v. United States, CV04-29. However, in light of the complexity of both cases, plaintiff believes it should be permitted additional interrogatories and requests for production.

Defendant is aware that Axion intends to file a separate complaint with the Court that relates to the contract in dispute in Axion v. United States, Fed. Cl. No. 03-2644C, but to date, the United States has not received a copy of the complaint from the United States Court of Federal Claims' Clerk's Office. If a new complaint is filed, and it relates to the contract at issue here, defendant agrees that the cases should be consolidated. However, defendant does not believe that additional interrogatories and requests for production are warranted at this time

because of the consolidation of the cases. If additional discovery is needed by either side during this litigation, defendant believes that the parties will be able to resolve the matter by stipulation without seeking leave of Court pursuant to RCFC 33(a).

**c. Should trial of liability and damages be bifurcated?**

Plaintiff believes that the trial of liability and the trial of damages should be bifurcated.

Defendant believes that assuming the case is tried, the only issue before this Court at this time is liability. Defendant contends that Axion has challenged the Government's decision terminating Axion's contract for default and requests that it be converted into a termination for convenience. However, there has never been a final contracting officer's decision concerning a termination for convenience settlement claim, so at this time, there is no damages claim at issue in this matter. Therefore, bifurcation is inappropriate at this time.

**d. Should further proceedings be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefore?**

Plaintiff does not believe that there are any cases currently before the court that would warrant deferring these proceedings.

Defendant believes that if this case is consolidated with another case filed by Axion in this Court, this proceeding should be delayed to allow the defendant to respond to the new complaint.

**e. Will a remand or suspension be sought?**

At this time, the parties agree that no remand or suspension will be sought. However, if this matter is consolidated with another claim of Axion, the United States reserves the right to seek remand if upon review of the new case, the Government believes remand is appropriate.

**f. Will additional parties be joined?**

At this time, neither party intends to join additional parties.

**g. Does either party intend to file a dispositive motion pursuant to Rule 12(b), 12(c), or 56? And, if so, a schedule for the intended filing?**

At this time, the plaintiff does not contemplate filing of a motion pursuant to RCFC 12(b)

or 12(c).

Defendant does anticipate the filing of a motion pursuant to RCFC 12(b) or 12(c). The Government believes if it files such a motion, it will be filed within 60 days of the Court's decision concerning consolidation of this case with Axion's other complaint.

If motions, pursuant to RCFC 56, are warranted upon the completion of discovery, the parties propose a deadline of May 1, 2005, for the submission of the motions.

**h. What are the relevant issues?**

Plaintiff alleges the following issues:

1. Can the termination for default, in light of the 16 Counts set forth in the Complaint, stand de novo review? Stated differently, the primary issue is whether the Government acted appropriately in terminating Plaintiff's contract for default.

2. In light of the fact that a termination for default "is a drastic sanction which should be imposed (or sustained) only for good grounds and on solid evidence," can the Government meet its burden of proof as to the correctness of the termination for default? See J.D. Hedin Construction Co. v. U.S., 408 F.2d 424, 431(Ct. Cl. 1969) and Lisbon Contractors, Inc. v. U.S., 828 F.2d 759
(Fed. Cir. 1987).

Defendant alleges the following issues:

1. Whether the contracting officer abused his discretion in terminating the contract for default.

2. Whether the contracting officer's decision to terminate for default contract # N00106-96-C-KA09 was justified for failure to make delivery.

**i. What is the likelihood of settlement?**

The parties intend to engage in settlement discussions and will make every effort to resolve this case amicably. The parties will pursue settlement negotiations as the litigation progresses.

Plaintiff believes that some discovery is required before the parties can realistically engage in settlement discussions.

**j. <u>Do the parties anticipate proceeding to trial?</u>**

If dispositive motions are not filed, and the matter cannot be resolved through settlement, the parties will proceed to trial. The parties propose that the trial be held in September, 2005. If dispositive motions are filed, and a trial is necessary to fully decide this case, the parties propose that the trial be held four to six months after the Court shall have ruled on such motions. The parties expect that a trial would last approximately one week. If a trial is required, Axion requests that it be held in Huntsville, Alabama, which is the location of Axion's witnesses as well as the location of significant parts and materials which are central to the dispute. Defendant requests that the trial be held in Washington, D.C. Defendant does not believe that an expedited trial schedule is appropriate in this case.

**k. <u>Are there special issues regarding electronic case management needs?</u>**

At this time, the parties do not anticipate any special issues regarding electronic case management needs.

**l. <u>Is there other information of which the Court should be aware at this time?</u>**

There is no additional information of which the Court should be aware at this time.

**m. <u>What is the proposed discovery plan?</u>**

The parties propose that fact discovery continue until January 31, 2005. Fact discovery will include document production, written discovery, and depositions in accordance with the RCFC. The parties further propose that discovery of expert witnesses, if any be concluded by April 1, 2005. At this time, the United States does not believe that consolidation of this matter with any other claim will affect the proposed discovery plan, but reserves the right to seek the Court's approval to amend the discovery schedule if the defendant believes issues presented in the consolidated case are sufficiently complex that the defendant needs additional time for discovery.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/Richard J.R. Raleigh, Jr.
RICHARD J.R. RALEIGH, JR.
Wilmer & Lee, P.A.
100 Washington Street, Suite 200
Huntsville, Alabama 35801
Tele: (256) 533-0202

OF COUNSEL:
JEROME S. GABIG
4811 Cove Creek Drive
Brownsboro, Alabama 35741
Tele: (256) 512-0020

Attorneys for the Plaintiff

DATED: March 23, 2004

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 307-0383

OF COUNSEL:
Richard Martinelli
Office of Counsel
Naval Inventory Control Point
Mechanicsburg, PA 17055-0788
Attorneys for the Defendant

DATED: March 23, 2004

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 24, 2004, a copy of the foregoing Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Douglas K. Mickle
Douglas K. Mickle