IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AXION CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2644C<br>Judge Firestone |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S AMENDED ANSWER TO CONSOLIDATED COMPLAINT**

For its answer to the consolidated complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. The allegations contained in paragraph 3 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, admits that the United States is the defendant in this case; otherwise denies the allegations contained in paragraph 3.

4. Admits the allegations contained in paragraph 4 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits.

6. Admits.

7. Admits the allegations contained in paragraph 7 to the extent supported by Axion’s cover letter to the Settlement Proposal, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by Axion’s

Settlement Proposal, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits.

10. Admits the allegations contained in paragraph 10 to the extent supported by Axion's Settlement Proposal, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by Axion's Settlement Proposal, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by Axion's Settlement Proposal, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. Admits the allegations contained in the first sentence of paragraph 14. The allegations contained in the second sentence of paragraph 14 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. Admits.

16. Admits.

17. Admits.

18. Admits the allegations contained in paragraph 18 to the extent supported by contract N00104-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits.

20. Admits the allegations contained in paragraph 20 to the extent supported by contract N00104-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Denies the allegation in the first sentence of paragraph 21 that Axion submitted the lowest price proposal. Admits the allegations in the second sentence of paragraph 21 to the extent supported by contract N00104-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by contract N00104-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits only that Navy munitions specifications are generally developed with the intent that the munition will last 20 years in a Naval environment, and denies any implication that Axion's contract included a shelf life requirement; denies any remaining allegations in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by contract N00104-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Admits that contract N00104-96-C-KA09 does not "specifically mention and 'air gun'," but denies the remaining allegation in paragraph 25 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism.

26. Admits.

27. Admits the allegations contained in paragraph 27 to the extent supported by contract N00106-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admit only that Axion's manufactured product had electrolyte leaking out of the copper reservoirs. The remaining allegations in paragraph 28 are characterizations of plaintiff's case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. Admit only that Axion's manufactured product had electrolyte leaking out of the copper reservoirs. The remaining allegations in paragraph 29 are characterizations of plaintiff's case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

30. Admits only that a PS-115 that is leaking electrolyte is unfit for service in the fleet, and denies any implication that Axion's contract included a shelf life requirement; denies any remaining allegations in paragraph 32..

31. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

32. Admits the allegations contained in paragraph 32 to the extent supported by contract N00106-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Admits.

34. Admits the allegations contained in paragraph 34 to the extent supported by the Acudyne Corporation contracts, which are the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent supported by the January 17, 1996 letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits the Navy did not provide Axion with an air gun, and avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism.

37. Admits, and avers that ARL had no obligation to provide drawings to Axion and that ARL had legitimate reasons for not providing drawings to Axion.

38. Admits, and avers the check was returned.

39. Admits only that ARL refused to provide drawings to Axion, and avers that ARL had no obligation to provide drawings to Axion and that ARL had legitimate reasons for not providing drawings to Axion.

40. Denies the allegations contained in paragraph 40 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted in Axion's April 15, 1997 letter because the Navy has no record of ever receiving this letter.

41. Admits, and avers that pursuant to the contract the contracting officer had no obligation to assist Axion in obtaining drawings.

42. Denies the allegations contained in paragraph 42 for lack of knowledge and information sufficient to form a belief as to the truth of the matters asserted. The United States avers that the air gun was developed over 35 years ago and no one has knowledge as to whether there was such an initial design criteria.

43. Denies the allegations contained in paragraph 43 for lack of knowledge and information sufficient to form a belief as to the truth of the matters asserted. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism.

44. Denies.

45. Admits the allegations contained in paragraph 45 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 45.

46. Admits the allegations contained in paragraph 46 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 46.

47. Admits only that ARL did not sign a CRDA with Axion, and avers that ARL had no obligation to enter into any agreement with Axion and ARL had legitimate reasons for not entering an agreement with Axion.

48. Admits and avers that ARL had no obligation to inform Axion of lessons-learned and that ARL had legitimate reasons for not informing Axion of lessons-learned.

49. Admits and avers ARL had no obligation to make its expertise available to Axion and that ARL had legitimate reasons for not making its expertise available to Axion.

50. Admits the Navy contracting officer did not contact the ARL on Axion's behalf, and avers that the Navy had no obligation to contact the ARL.

51. Denies.

52. Admits the allegations contained in paragraph 52 to the extent supported by the May 30, 1997 memorandum, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 52.

53. Admits that Axion informed the Navy it was having difficulties developing an air gun; denies the remaining allegations in paragraph 53 for lack of knowledge or information sufficient to form a belief as to the truth of whether the difficulties were "extreme" or "unreasonable."

54. Admits that Axion informed the Navy it was having difficulties developing an air gun; denies the remaining allegations in paragraph 54 for lack of knowledge or information sufficient to form a belief as to the truth of whether the difficulties caused "extreme" or "unreasonable" expense to Axion.

55. The allegations contained in paragraph 55 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may

be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

58. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

59. Admits the allegations contained in paragraph 59 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 59.

60. Denies the allegations contained in paragraph 60 for lack of knowledge and information sufficient to form a belief as to the truth of the matters asserted. The United States avers that the ARL never provided the technical report to Axion, but it can not state with any certainty that another Government agency could have provided the report.

61. Denies the allegations contained in paragraph 61 for lack of knowledge and information sufficient to form a belief as to the truth of the matters asserted. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment or testing mechanism.

62. Admits the Navy did not inform Axion at the time of contract award that the ARL had experienced difficulties with air gun testing of PS-115s, but denies any inferences that the ARL was in fact experiencing difficulties with air gun testing of PS-115s for lack of knowledge or information sufficient to form a belief as the truth of the matters asserted. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism.

63. Admits the allegations contained in paragraph 63 to the extent supported by contract N00104-96-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 63. The United States avers that pursuant to the contract, the Navy was

not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism.

64. Admits the allegations contained in paragraph 64 to the extent supported by contract N00104-96-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 64.

65. Admits the allegations contained in paragraph 65 to the extent supported by contract N00104-96-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 65. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism.

66. Admits the allegations contained in paragraph 66 to the extent supported by contract N00104-96-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 66.

67. The allegations contained in paragraph 67 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

68. The allegations contained in paragraph 68 are conclusions of law, and characterization of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

69. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

70. Admits the allegations contained in paragraph 70 to the extent supported by contract N00104-96-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 70.

71. Admits the allegations contained in paragraph 71 to the extent supported by contract N00104-96-KA09, which is the best evidence of its contents and of what was required by Axion

(or others) to successfully perform upon the contract; otherwise denies the allegations contained in paragraph 71.

72. Denies.

73. The allegation contained in the first sentence of paragraph 73 is a conclusion of law, and characterization of plaintiff's case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Denies the allegations in the second sentence of paragraph 73 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

74. The allegations contained in paragraph 74 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

75. The allegations contained in paragraph 75 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

76. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

77. The allegations contained in paragraph 77 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

78. Admits the allegation contained in the first sentence of paragraph 78 that the ARL is an entity of the United States. Denies the allegation in the second sentence as to whether ARL is a "potential supplier" for lack of knowledge and information sufficient to form a belief as to the truth of the matters asserted.

79. Denies the allegations contained in paragraph 79 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

80. Denies.

81. The allegations contained in paragraph 81 are conclusions of law, and

characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

82. The allegations contained in paragraph 82 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

83. The allegations contained in paragraph 83 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

84. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

85. Admits the allegations contained in paragraph 85 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 85.

86. Admits that the United States did not provide Axion with an air gun to perform testing, and avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other testing mechanism.

87. Denies the allegations contained in paragraph 87 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted in Axion's April 15, 1997 letter because the Navy has no record of ever receiving this letter.

88. Admits the Navy contracting officer did not contact the ARL on Axion's behalf, and avers that the Navy had no obligation to contact the ARL.

89. Admits the allegations contained in paragraph 89 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 89.

90. Admits only that ARL did not sign a CRDA with Axion, and avers that ARL had no obligation to enter any agreement with Axion and ARL had legitimate reasons for not entering an

agreement with Axion.

91. Admits, and avers ARL had no obligation to inform Axion of lessons-learned and that ARL had legitimate reasons for not informing Axion of lessons-learned.

92. Admits, and avers ARL had no obligation to make its expertise available to Axion and that ARL had legitimate reasons for not making its expertise available to Axion.

93. Admits the Navy contracting officer did not contact the ARL on Axion's behalf, and avers that the Navy had no obligation to contract the ARL.

94. The allegations contained in paragraph 94 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

95. The allegations contained in paragraph 95 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

96. The allegations contained in paragraph 96 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

97. The allegations contained in paragraph 97 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

98. The allegation contained in paragraph 98 is Axion's characterization of its case, to which no response is required.

99. Admits.

100. Admits only that the Army Materiel Command has served as the Single Point for Ammunition procurement; otherwise denies the allegations in paragraph 100.

101. Admits that the Navy was "unaware" that the air gun would require a significant developmental effort, and avers that pursuant to the contract, the Navy was not required to

provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism, and thus had no reason to be aware of what effort would be required to develop an air gun.

102. Denies the allegation contained in paragraph 102 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

103. The allegations contained in paragraph 103 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

104. The allegations contained in paragraph 104 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

105. The allegations contained in paragraph 105 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

106. The allegations contained in paragraph 106 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

107. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

108. Admits the Navy received a letter from Axion dated August 27, 1997, and admits to the language of that letter to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 108.

109. Denies.

110. Admits the allegations contained in paragraph 110 to the extent supported by the document cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 110. Defendant avers that the PS-115 specifications were revised in 1980

to resolve the leaking problem, and that Axion's contract contained the revised specifications. Defendant further avers that leaking will not occur if the contractor performs in accordance with the revised specifications.

111. Admits the allegations contained in paragraph 111 to the extent supported by the document cited, which are the best evidence of its content; otherwise denies the allegations contained in paragraph 111. Defendant avers that contract N00104-96-C-KA09 is the best evidence with respect to any shelf life requirement and that the contract did not include a shelf life requirement.

112. Denies the allegations contained in paragraph 112 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

113. Denies the allegations contained in paragraph 113 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

114. The allegations contained in paragraph 114 are characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

115. The allegations contained in paragraph 115 are characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

116. Denies. Defendant avers the leaking problem was resolved through a specification change in 1980 and that Axion's contract contained the revised specifications. Defendant further avers that leaking will not occur if the contractor performs in accordance with the revised specifications.

117. The allegations contained in paragraph 117 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

118. The allegations contained in paragraph 118 are conclusions of law, and

characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

119. The allegations contained in paragraph 119 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

120. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

121. Admits only that several of the tests involving the air gun failed to produce data but denies that the failure was caused by a broken connector in the air gun's projectile for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted..

122. The allegations contained in paragraph 122 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

123. Admits the allegation contained in paragraph 123 to the extent supported by contract N00104-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 123.

124. Denies.

125. Denies the allegations contained in paragraph 125 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

126. Admits that Axion provided a letter to the defendant that was dated August 27, 1997, and admits to the language of that letter to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 126.

127. The allegations contained in paragraph 127 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

128. The allegations contained in paragraph 128 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

129. The allegations contained in paragraph 129 are conclusions of law, and characterization of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

130. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

131. Admits the allegation contained in paragraph 131 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 131. Defendant avers that contract N00104-96-C-KA09 is the best evidence with respect to any shelf-life requirement and that the contract did not include a shelf-life requirement.

132. Admits only that the Army Materiel Command has served as the Single Point for Ammunition procurement; otherwise denies the allegations in paragraph 132. Defendant avers that contract N00104-96-C-KA09 is the best evidence with respect to any shelf-life requirement and that the contract did not include a shelf life requirement.

133. Denies and avers the PS-112 battery, which has no relevance to Axion's case, contains a glass ampoule and not a copper reservoir.

134. The allegations contained in paragraph 134 are characterizations of plaintiff's case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

135. The allegations contained in paragraph 135 are conclusions of law, and characterization of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

136. The allegations contained in paragraph 136 are conclusions of law, and

characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

137. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

138. The allegations contained in paragraph 138 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

139. Admits that contract modification P00021, dated November 12, 2003, sets forth reasons for the Navy to terminate the contract, but denies the allegation that there were only two reasons for terminating the contract; admits to the quoted language to the extent supported by the modification, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 139.

140. Admits the Navy set forth some of its reasons for terminating Axion in contract P00021, and admits to the quoted language to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 140.

141. The allegations contained in paragraph 141 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

142. The allegations contained in paragraph 142 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

143. Admits the Navy set forth some of its reasons for terminating Axion in contract P00021, and admits to the quoted language to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 143.

144. Admits only that the data collection and function of the power supply remained the same as that used by Axion to successfully complete the initial first article test; otherwise, denies

the remainder of the allegations in paragraph 144.

145. Admits that several of the tests involving the air gun failed to produce data, but denies that the failure was caused by a broken connector in the air gun's projectile for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted; otherwise denies the allegations in paragraph 145.

146. Admits that Axion attempted to graph voltage over time for the purpose of depicting the success or failure of each PS-115 tested and the graphs showed that some of the tests were successful, some were not, and in some cases, the air gun failed to produce any data. Denies that 31 consecutive PS-115s tested successfully for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

147. Admits.

148. Admits the Navy wrote a memorandum to Axion dated September 28, 2001, and admits to the language of that memorandum to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 148.

149. Denies the allegation contained in paragraph 149 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

150. The allegations contained in paragraph 150 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

151. The allegations contained in paragraph 151 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

152. The allegations contained in paragraph 152 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

153. The allegations contained in paragraph 153 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

154. The allegations contained in paragraph 154 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

155. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

156. Admits to the quoted excerpts and language of modification P00021 alleged in paragraph 156 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 156.

157. Admits to the quoted excerpts and language of contract N00104-96-C-KA09 alleged in paragraph 157 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 157.

158. Admits.

159. The allegations contained in paragraph 159 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

160. Admits.

161. Admits that Axion attempted to graph voltage over time for the purpose of depicting the success or failure of each PS-115 tested and the graphs showed that some of the tests were successful, some were not, and in some cases, the air gun failed to produce any data; otherwise denies the allegations contained in paragraph 161.

162. Admits that Axion attempted to graph voltage over time for the purpose of depicting the success or failure of each PS-115 tested and the graphs showed that some of the tests were successful, some were not, and in some cases, the air gun failed to produce any data. Denies that

31 consecutive PS-115s tested successfully for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

163. Denies.

164. Denies.

165. The allegations contained in paragraph 165 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. The defendant avers Mr. Vartan did not make the alleged statement.

166. The allegations contained in paragraph 166 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

167. The allegations contained in paragraph 167 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

168. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

169. Admits to the quoted language of the specification in contract N00104-96-C-KA09 alleged in paragraph 169 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 169.

170. Denies.

171. Denies the allegations contained in paragraph 171 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 171.

172. Admits the allegations contained in paragraph 172 to the extent supported by contract N00104-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 172.

173. The allegations contained in paragraph 173 are conclusions of law, and

characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

174. The allegations contained in paragraph 174 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

175. The allegations contained in paragraph 175 are characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

176. The allegations contained in paragraph 176 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

177. The allegations contained in paragraph 177 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

178. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

179. The allegations contained in paragraph 179 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

180. Admits the allegations contained in paragraph 180 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 180.

181. Denies. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism.

182. Denies the allegations contained in paragraph 182 for lack of knowledge or

information sufficient to form a belief as to the truth of the matters asserted. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism.

183. Denies.

184. Denies the allegations contained in paragraph 184 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

185. The allegations contained in the paragraph 185 are characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

186. Admits the allegations contained in paragraph 186 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 186. 187. Admits that defendant did not perform field tests authorized in contract N00104-96-C-KA09's technical data package ("TDP"), and avers that it had no obligations under the contract to conduct any field tests.

188. The allegations contained in paragraph 188 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

189. The allegations contained in paragraph 189 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

190. The allegations contained in paragraph 190 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

191. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

192. Admits to the quoted language of the Federal Acquisition Regulation ("FAR")

contained in paragraph 192 to the extent supported by the provisions cited, which are the best evidence of its contents; otherwise denies the allegations in paragraph 192.

193. Denies.

194. Admits that Axion told the Navy prior to September 2002 that the PS-115s it manufactured could not meet the requirements of contract N00104-96-C-KA09 because Axion could not manufacture a PS-115 that would not leak electrolyte.

195. The allegations contained in paragraph 195 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

196. The allegations contained in paragraph 196 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

197. The allegations contained in paragraph 197 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

198. Admits.

199. The allegations contained in paragraph 199 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

200. The allegations contained in paragraph 200 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

201. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

202. Admits the allegations contained in paragraph 202 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 202.

203. Denies.

204. The allegations contained in paragraph 204 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

205. Admits the quoted language of Axion's November 13, 2002 letter to the Navy contained in paragraph 205 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 205.

206. The allegations contained in paragraph 206 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

207. The allegations contained in paragraph 207 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

208. Denies.

209. Denies the allegations contained in paragraph 209 for lack of knowledge or information sufficient to form a belief regarding Axion's state of mind, but denies that NAVORD OD 18332 was defective.

210. Admits that Axion gave the Navy notice that it believed contract N00104-96-C-KA09 contained a defective specification, but denies that contract N00104-96-C-KA09 contained any defects in its specifications.

211. Denies.

212. The allegations contained in paragraph 212 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

213. The allegations contained in paragraph 213 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may

be deemed allegations of fact, they are denied.

214. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

215. Admits the allegations contained in paragraph 215 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 215.

216. Admit only that Axion's August 27, 2001 letter was one of the reasons for Mr. Hahin's visit, and denies any implication that the purpose of the visit was to obtain copper samples for inspection; denies any remaining allegations in paragraph 216.

217. Admits.

218. Denies.

219. Denies.

220. Admits that the contracting officer called Axion's President, Mr. Latifi, but denies the remaining allegations contained in paragraph 220.

221. Admits the contracting officer offered Axion a no-cost termination for Axion's failure to perform upon contract N00104-96-C-KA09.

222. Admits.

223. The allegations contained in paragraph 223 are characterizations of the plaintiff's case, to which no response is required, to the extent that they may be deemed allegations of fact, they are denied for lack of information of knowledge about Axion's financial viability at the time of the conversation alleged in paragraph 223.

224. The allegations contained in paragraph 224 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

225. Admits the allegations contained in paragraph 225 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations in

paragraph 225.

226. Denies.

227. Admits the allegations contained in paragraph 227 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 227.

228. Denies the allegations contained in paragraph 228 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding the "discharge cell test" because none of the Navy's engineering or quality assurance personnel involved with this procurement remember any such test.

229. Denies the allegations contained in paragraph 229 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding the "discharge cell test" because none of the Navy's engineering or quality assurance personnel involved with this procurement remember any such test.

230. Admits the Navy requested sample plates from Axion, otherwise denies the allegations in paragraph 230 and avers that the Navy's request was made for a material test and not a discharge cell test.

231. Denies.

232. Denies.

233. Admits that Mr. Korab only agreed to Axion's request to use nickel plates after being assured by Axion that it, and not the Navy, would bear any additional costs incurred in the manufacturing process; otherwise denies the allegations in paragraph 233.

234. The allegations contained in paragraph 234 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

235. The allegations contained in paragraph 235 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

236. The allegations contained in paragraph 236 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

237. The allegations contained in paragraph 237 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

238. The allegations contained in paragraph 238 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

239. The allegations contained in paragraph 239 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

240. The allegations contained in paragraph 240 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

241. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

242. The allegations contained in paragraph 242 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

243. The allegations contained in paragraph 243 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

244. The allegations contained in paragraph 244 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

245. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

246. The allegations contained in paragraph 246 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

247. The allegations contained in paragraph 247 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

248. Admits the allegations contained in paragraph 248 to the extent supported by contract N00104-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations in paragraph 248.

249. Admits the allegations contained in paragraph 249 to the extent supported by contract N00104-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations in paragraph 249. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism; in addition, the Navy was not required to identify any such equipment.

250. Admits the allegations contained in paragraph 250 to the extent supported by contract N00104-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations in paragraph 250. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism; in addition, the Navy was not required to specify whether an air gun should be acquired or fabricated.

251. Admits. The United States avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism; in addition, the Navy was not responsible for knowing exactly what test equipment Axion would use.

252. The allegations contained in paragraph 252 are conclusions of law, and

characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

253. The allegations contained in paragraph 253 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

254. Admits the quoted language of the Federal Acquisition Regulation ("FAR") contained in paragraph 254 to the extent supported by the provision cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 254.

255. Admits the allegations contained in paragraph 255 to the extent supported by contract N00104-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations in paragraph 255.

256. The allegations contained in paragraph 256 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

257. The allegations contained in paragraph 257 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

258. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

259. Admits.

260. Admits that a Navy fleet Commander would not be satisfied with a PS-115 having a shelf life of less than two years, but denies any implication that Axion's contract included a shelf life requirement.

261. Admits the Navy expected that PS-115s would have a shelf life exceeding two years, but denies any implication that Axion's contract included a shelf life requirement.

262. Denies.

263. Denies.

264. The allegations contained in paragraph 264 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

265. The allegations contained in paragraph 265 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

266. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

267. Denies.

268. Admits the allegations contained in paragraph 268 to the extent supported by the cited contracts, which are the best evidence of their contents; otherwise denies the allegations in paragraph 268. The United States avers the cover memorandum of NAVORD 18332 expressly provides that the document is intended to be a working guide rather than a mandatory instruction.

269. Denies the allegations contained in paragraph 269 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

270. Denies the allegations contained in paragraph 270 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

271. Admits the allegations contained in paragraph 271 to the extent supported by cited document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 271.

272. The allegations contained in paragraph 272 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

273. The allegations contained in paragraph 273 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may

be deemed allegations of fact, they are denied.

274. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

275. The allegations contained in paragraph 275 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

276. The allegations contained in paragraph 276 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

277. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

278. Admits the allegations contained in paragraph 278 to the extent supported by contract N00104-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations in paragraph 278.

279. Admits the allegations contained in paragraph 279 to the extent supported by contract N00104-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations in paragraph 279.

280. The allegations contained in paragraph 280 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

281. Denies the allegations contained in paragraph 281 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

282. The allegations contained in paragraph 282 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

283. The allegations contained in paragraph 283 are conclusions of law, and

characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

284. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

285. Admits the allegations contained in paragraph 285 to the extent supported by contract N00104-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations in paragraph 285.

286. The allegations contained in paragraph 286 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

287. Denies the allegations contained in paragraph 287 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

288. The allegation contained in paragraph 288 is a conclusion of law, and characterization of plaintiff's case, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

289. The allegation contained in paragraph 289 is a conclusion of law, and characterization of plaintiff's case, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

290. The allegations contained in paragraph 290 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

291. The allegations contained in paragraph 291 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

292. The allegations contained in paragraph 292 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may

be deemed allegations of fact, they are denied.

293. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

294. The allegations contained in paragraph 294 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

295. The allegations contained in paragraph 295 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

296. The allegations contained in paragraph 296 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

297. The allegations contained in paragraph 297 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

298. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

299. The allegations contained in paragraph 299 are Axion's characterization of its case, to which no response is required.

300. The allegations contained in paragraph 300 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

301. Admits that the Navy did not know that the air gun would require a significant amount of development, and avers that pursuant to the contract, the Navy was not required to provide Axion with an air gun, or any other acceptance or inspection equipment, or testing mechanism, and thus had no reason to be aware of what effort would be required to develop an

air gun.

302. Denies the allegations contained in paragraph 302 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

303. The allegations contained in paragraph 303 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

304. The allegations contained in paragraph 304 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

305. The allegations contained in paragraph 305 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

306. The allegations contained in paragraph 306 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

307. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

308. Denies.

309. Admits the allegations contained in paragraph 309 to the extent supported by the document cited, which is the best evidence of their contents; otherwise denies the allegations contained in paragraph 309. Defendant avers that the PS-115 specifications were revised in 1980 to resolve the leaking problem, and that Axion's contract contained the revised specifications. Defendant further avers that leaking will not occur if the contractor performs in accordance with the revised specifications.

310. Denies the allegations contained in paragraph 310 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

311. The allegations contained in paragraph 311 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

312. The allegations contained in paragraph 312 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

313. The allegations contained in paragraph 313 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

314. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

315. The allegations contained in paragraph 315 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

316. Admits the allegations contained in paragraph 316 to the extent supported by contract N00104-96-C-KA09, which is the best evidence of its contents; otherwise denies the allegations in paragraph 316.

317. Denies.

318. Admits that some of the energizers Axion produced that were inspected by Mr. Hahin exhibited signs of leaking; denies any remaining allegations in paragraph 318.

319. The allegations contained in paragraph 319 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

320. The allegations contained in paragraph 320 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

321. The allegations contained in paragraph 321 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

322. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

323. Admits.

324. Denies the allegations contained in paragraph 324 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

325. Denies the allegations contained in paragraph 325 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

326. The allegations contained in paragraph 326 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

327. The allegations contained in paragraph 327 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

328. The allegations contained in paragraph 328 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

329. Defendant incorporates by reference its responses to all other allegations in Axion's complaint.

330. The allegations contained in paragraph 330 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

331. The allegations contained in paragraph 331 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

332. The allegations contained in paragraph 332 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

333. The allegations contained in paragraph 333 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

334. The allegations contained in paragraph 334 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

335. The allegations contained in paragraph 335 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

336. The allegations contained in paragraph 336 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

337. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 336 of the complaint or to any relief whatsoever.

338. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

339. Plaintiff's claims are barred by the doctrine of payment insofar as plaintiff has received payment upon its claims and has been fully compensated according to the terms and conditions of the contract.

340. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

341. Plaintiff's claims are barred by the doctrine of release.

342. Plaintiff's claims are barred by the doctrine of assumption of risk.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that

the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 307-0383
Attorneys for Defendant

OF COUNSEL:
Richard Martinelli
Office of Counsel
Naval Inventory Control Point
Mechanicsburg, PA 17055-0788

May 4, 2004

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 4, 2004, a copy of the foregoing Defendant's Amended Answer To Consolidated Complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Douglas K. Mickle
Douglas K. Mickle