# Plaintiff's Appendix J

Memorandum

Approved

18 RABarnhart 11/8/02

11/7/02

11/7/02

Date: October 17, 2002

From: 0242.6

To: CRB
Via: 0242
024
008

Subject: Proposed Termination for Default (CONTGINST 43308.3B)

This memorandum has been prepared to explain the rationale for proposing termination of this contract for default.

1. Background Information

(a) Contractor: Axion Corporation

(b) Contract: N00104-96-C-K09

(c) Supplies: Item 0001, NSN 1390-01-200-8338, Power Supply, PS-115
Quantity: 55,209 each, U/P: $23.80, Total Contract value: $1,313,974.20

(d) Award Date: December 7, 1995

(e) Initial Delivery: First Article, Item 0001AB, 540 each, later changed to 360 each, due 120 days after the contract date (April 6, 1996)

(f) Delivery Extensions:
First Article due: 29 October 1996, Modification P00002
First Article due: 29 December 1996, Modification P00004
First Article due: 15 May 1997, Modification P00005
Production Lot 1 due: 28 December 99, Modification P00011
Production Lot 1 due: 31 March 00, Modification P00013, Consideration: $3,000.00
Production Lot 1 due: 10 August 00, Modification P00014, Consideration: $5,000.00
Production Lot 1 due: 28 November 00, Modification P00015, Consideration: $10,000.00
Production Lot 1 due: 08 August 01, Modification P00016
A change in the contractor's manufacturing process required that another First Article Test, 120 each, had to be processed. First Article due: 03 October 01, Modification P00017
First Article, 80 each, due: 23 April 02, Modification P00019, Consideration: $1,000.00

First Article due: 09 September 02, Modification P00020

(g) Quantity Shipped: None

(h) Proper justification is in the file

2. This proposed action is taken pursuant to the default clause, FAR 52.249-8, of the contract, and is based on the contractor's failure to deliver an approved First Article. The contract includes FAR 52.209-3, First Article approval-Contractor Testing (Sep 1989), paragraph (d), which states: if the contractor fails to deliver any first article report on time, or the Contracting Officer disapproves any first article, the contractor shall be deemed to have failed to make delivery within the meaning of the default clause of this contract. By letter of October 01, 2002, the contractor was told that the First Article was disapproved.

3. A Show Cause letter, dated October 01, 2002, was also sent to the contractor via facsimile and it was verified by the contractor's secretary that the contractor received the letter. The contractor responded by letter of October 11, 2002, and the contractor failed to take any exceptions to the failures, which totaled 25 out of 66 Power Supplies that failed to meet the performance requirements of drawing 11744726.

4. The Power Supplies are no longer required by the Government and this precludes the availability issue from other sources.

5. The contractor will not be responsible for re-procurement costs because the Government will not re-procure the Power Supplies.

6. I have considered the essentiality of the contractor in the Government acquisition program and the effect of a termination for default upon the contractor's capability as a supplier under other contracts. Presently, the contractor has 10 active contracts worth in excess of $7,000,000.00. A termination for default will not cause a significant impact on the contractor's operations.

7. The contractor received $512,365.00 in progress payments that remain un-liquidated. The Contracting Officer will pursue an action to re-coup the un-liquidated progress payments after the termination for default.

8. The contract has been ongoing due to the need for the Power Supply, however, after several years of helping the contractor, extending the delivery schedule numerous times, and the failure of the First Article, the requirement for the Power Supply is no longer required. During this overly long term of the contract, funding expired and new fiscal year money had to be obligated. Based on the contractor's First Article failure, the contractor's credibility and competency as a viable manufacturer of the Power Supply is sorely lacking.

The contract, applicable laws, and regulations have been reviewed, and the specific

failure of the contractor and excuse for the failure have been considered. I recommend that, with the concurrence of counsel, this contract be terminated for default.

Prepared: John Kowal / Contract Specialist 0242.6/2027 10/17/02
Name/Title Code/Ext Date

Reviewed: McNeil, Supv 0242 10/18/02
Name/Title Code Date

NAVY01236

failure of the contractor and excuse for the failure have been considered. I recommend that, with the concurrence of counsel, this contract be terminated for default.

Prepared: John Kord / Contract Specialist 0242.6/2027 10/17/02
Name/Title Code/Ext Date

Reviewed: McNeil, SUPV 0242 10/18/02
Name/Title Code Date