**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AXION CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 03-2644/04-297C** |
| **v.** | ) | **(Judge Firestone)** |
| | ) | |
| **THE UNITED STATES,** | ) | **Filed: April 6, 2006** |
| | ) | |
| **Defendant.** | ) | |

**JOINT STIPULATED PROTECTIVE ORDER**

In the course of discovery, plaintiff and defendant have each requested the disclosure of information and documents of the parties or third-parties that may contain information that is confidential, proprietary, or privileged and is protected from disclosure by a privilege against disclosure as permitted by law or by the Rules of the Court of Federal Claims, the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, or otherwise contain "Confidential Information" as defined in paragraph 1 of this order. Access to such documents, therefore, should be restricted. Accordingly, it is hereby agreed between the parties and their counsel, and ordered by the Court:

1. For the purposes of this order, the term "confidential information" shall include confidential, proprietary, privileged, trade secrets and competitively sensitive information disclosed in discovery or other proceedings in this case, including documents (or portions thereof) that defendant or plaintiff believes are (i) within the scope of 5 U.S.C. § 552a, the Privacy Act, that identify specific individuals and contain personal information including but not limited to, social security numbers, home addresses, and tax information; (ii) records that are exempt from disclosure under 5 U.S.C. § 552(b)(6) of the Freedom of Information Act; (iii)

records falling within the scope of 26 U.S.C. § 6103, that constitute (in their entirety) or contain return information of specific individuals as defined by 26 U.S.C. § 6103(b)(2).

2. (a) When defendant makes available to plaintiff's counsel, or when plaintiff makes available to defendant documents or things for initial inspection, no marking or redaction need be made in advance of the initial inspection. Thereafter, upon selection of specified documents for copying by plaintiff's counsel or defendant's counsel, counsel for the appropriate party shall mark or redact the copies as appropriate at the time the copies are produced. In the event that documents are produced without first marking such material as confidential or redacting protected material, then defendant or plaintiff may do so upon discovery of the omission by notice in writing to plaintiff's or defendant's counsel, attaching replacement pages or documents that have been appropriately marked or redacted. Upon receipt of such notification, plaintiff's or defendant's counsel shall insert the appropriate replacement pages or documents and destroy all copies of the replaced pages or documents. Nothing in this order shall prohibit the plaintiff or defendant from challenging each party's respective determination that a document, or part thereof, is confidential and requesting removal of the confidential legend or production of the unredacted text.

(b) At the time of producing documents, defendant and plaintiff shall designate each document that it reasonably believes to contain Confidential Information as described in paragraph 1 of this order. Each document so designated shall be clearly marked with the word "CONFIDENTIAL" in bold print on its face. Such documents (or portions thereof) shall be used only in preparing for and conducting this litigation. Nothing in this order shall prohibit defendant or plaintiff from withholding the name, other personal identifying information,

privileged information, or non-responsive information, that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, or by redacting such information from such documents or information that is to be produced under this order or otherwise in this litigation. If information or documents contain information that is or may be covered by the Privacy Act, which information could have been redacted but was not redacted, defendant or plaintiff in response to any discovery properly propounded pursuant to the Rules of United States Court of Federal Claims, are hereby authorized to release to plaintiff's or defendant's counsel records that are relevant to this action, without obtaining prior written consent of the individual to whom such covered information pertains. Such disclosures by defendant, plaintiff, or its attorneys shall be deemed authorized by law. See 5 U.S.C. § 552a(b)(11).

(c) Should defendant or plaintiff inadvertently fail to designate material as Confidential Information or redact protected information, or mistakenly designate information as confidential material, defendant or plaintiff shall notify the opposing party's counsel for prompt correction as soon as practicable upon discovering the error.

(d) Because of the large volume of documents that the parties may produce during discovery in this case, defendant or plaintiff may inadvertently or mistakenly produce documents that could have been withheld in whole or in part upon the basis of privilege or some other protection. Therefore, mere production of all or part of a document shall not constitute a waiver of any evidentiary privilege in this or any other proceeding, provided that, upon discovery of the inadvertence or mistake, the disclosing party notifies the receiving party's counsel of record, in writing, of the mistake. Upon receipt of notification, the receiving party shall return or destroy the inadvertently or mistakenly produced document, shall destroy any reproduction, by any

means, of the document, any portion of the document, or any information contained in the document, and shall not make any use of the document or any information contained in the document.

3. By producing Confidential Information pursuant to this order, the parties are not waiving any appropriate protections with respect to the Confidential Information, and reserves the right to assert claims to further protections. By receiving Confidential Information pursuant to this Order, the parties are not agreeing that any document marked as "Confidential" is entitled to any protection from disclosure. Nothing in this Order shall require the production or disclosure of any documents, information, or other matters (including but not limited to "Confidential Information") as to which defendant or plaintiff, under applicable law or rules of the United States Court of Federal Claims, may assert a privilege or some other protection.

4. Persons receiving or obtaining access to the Confidential Information and/or documents or portions thereof that are within the scope of 26 U.S.C. § 6103, that constitute (in their entirety) or contain tax return information of specific individuals as defined by 26 U.S.C. § 6103(b)(2), may use such material solely for the purpose of preparing for and conducting this litigation or any subsequent appeal and not for any other purpose. Confidential Information shall not be given, shown, made available, discussed or otherwise communicated in any form to persons to whom disclosure is not authorized by law or herein. Each person receiving Confidential Information and/or documents or portions thereof that are within the scope of 26 U.S.C. § 6103, that constitute (in their entirety) or contain tax return information of specific individuals as defined by 26 U.S.C. § 6103(b)(2), shall maintain such Confidential Information in his or her possession in a manner sufficient to protect such material against unauthorized

disclosure. Disclosure of tax return information for purposes other than preparing for and conducting this litigation or any subsequent appeal may result in liability pursuant to 26 U.S.C. § 7431(a)(2).

5. Access to or disclosure of Confidential Information shall be limited to: (a) the Court of Federal Claims and the Court of Appeals for the Federal Circuit, if this case is appealed, as well as personnel employed by these courts; (b) counsel of record for the parties and their employees; (c) court reporters engaged by counsel; (d) independent experts and consultants, including their clerical personnel, who have been retained by a party to provide testimony or consultation in connection with this litigation; and, (e) additional individuals who by agreement of the parties have a need to review information produced in order to prepare for possible trial. All individuals having access to Confidential Information shall be instructed that their use of this information is governed by the terms of this order and, in the case of tax return information, 26 U.S.C. § 6103(l)(4). Nothing contained in this agreement and protective order shall prevent or in any way limit or impair the right to counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to 26 U.S.C. § 6103 or other Internal Revenue Code provisions and procedures that maintain the confidentiality of Confidential Information consistent with this agreement and protective order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

6. If counsel for plaintiff or defendant desires to disclose Confidential Information to independent experts, consultants or any other individual covered by paragraph 5 of this order

who possesses a need to review Confidential Information, counsel shall first obtain a signed statement from such person stating that he or she shall comply with all the provisions of this order and, to the extent tax information is disclosed to such persons, 26 U.S.C. § 6103(l)(4). See Exhibit A.

7. Should counsel for plaintiff or defendant wish to disclose Confidential Information that is subject to this order to any additional persons other than those indicated in paragraph 5 of this Order, the receiving party's counsel will first inform the disclosing party's counsel. If the disclosing party consents to disclosure of Confidential Information to such additional person(s), which consent will be considered promptly and will not unreasonably be withheld, counsel for the receiving party shall first obtain a signed statement from such person stating that he or she shall comply with all provisions of this order. See Exhibit A. Neither party may consent to the disclosure of tax return information unless the persons satisfy 26 U.S.C. § 6103(1)(4). If a party does not consent to the disclosure, the parties seeking to use Confidential Information may, by motion, seek a determination from the Court that such consent was unreasonably withheld, contrary to the provisions of this order, or may seek modification of this order from the Court.

8. Nothing in this order shall bar or otherwise restrict plaintiff's or defendant's counsel from rendering advice with respect to this litigation to his or her client and, in the course thereof relying generally upon counsel's examination of the information designated as Confidential.

9. Those portions of Court filings containing material designated as Confidential Information shall be filed under seal.

10. With regard to any depositions that may be taken, defendant or plaintiff may, on the record of such deposition or within five working days after receipt of the transcript, designate

any portion or portions of the depositions as containing Confidential Information. Prior to the expiration of this time described in the preceding sentence, the parties may not disclose such deposition transcript to anyone who did not participate in the deposition other than those persons described in paragraph 5. All such deposition transcripts so designated shall be sealed and may be disclosed only as provided in paragraph 2(a) of this Order, to contest the designation of depositions (or portions thereof) as Confidential Information.

11. At the conclusion of this litigation (whether by settlement or by a judgment that has become non-appealable), if any of the information contained in records designated as Confidential Information is reproduced in whole or in part, in any manner, by any means, such information shall be returned to defendant or destroyed. As to those materials that contain Confidential Information but that constitute counsel's work product, plaintiff's and defendant's counsel shall maintain such records in a manner consistent with the terms of this order. Plaintiff's or defendant's counsel shall be entitled to retain complete copies of all deposition transcripts, exhibits, pleadings, or other filings with this Court, provided that the documents are maintained in accordance with this order.

12. After the termination of this action or any subsequent appeals, this order shall continue to be binding upon the parties hereto and upon all persons to whom Confidential Information has been disclosed.

13. In the event of a breach of this agreement, the party alleging breach shall be entitled to apply to this Court for appropriate relief.

14. This order does not constitute a ruling upon the question of whether any particular record is properly discoverable and does not constitute a ruling upon any potential objection to the discoverability or admissibility of any record.

ORDERED:

s/Nancy B. Firestone
Judge Nancy B. Firestone
United States Court of Federal Claims