# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **AXION CORPORATION,**<br>**Plaintiff,**<br>**v.**<br>**THE UNITED STATES,**<br>**Defendant.** | **No. 03-2644C & 04-297C**<br>**Consolidated**<br>**(Judge Firestone)** |

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITATION

Plaintiff respectfully moves the Court for leave to exceed the page limitation for Plaintiff's Motion For Summary Judgment. Plaintiff seeks Court approval to extend the forty pages in Rule 5.2(b)(1) to not to exceed eighty pages.

This consolidated action contains numerous legal and factual issues. Complaint No. 03-2644C consisted of sixteen counts and 209 paragraphs. Complaint No. 04-297C consisted of twenty-nine counts and 336 paragraphs. As noted in the Court's resolution of previous motions: "The majority of the counts are based on Axion's expenses and work in three areas: (1) developing an air gun to test the batteries, (2) producing plating for the batteries, and (3) dealing with leaking batteries." *Axion Corporation v. United States*, 68 Fed. Cl. 248 (2005). Each of these three areas could independently utilize forty pages. Rather than 120 pages, Plaintiff is seeking only eighty pages. It would be in the best interests of

judicial economy to consolidate all motions for summary judgment into one filing, and to the extent the motions are granted, the resulting narrowing of issues in this case will lead to a great deal of time savings.

Concerning the three areas listed above, Plaintiff's Motion for Summary Judgment shall address the air gun with three grounds, plating with three grounds, and leaking batteries with two grounds.

Specifically the eight grounds that Plaintiff intends to present in its Motion For Summary Judgment are as follows:

I. Plating – Spearin Doctrine. 13 pages.
II. Plating – Superior Knowledge. 11 pages
III. Plating – Duty to Cooperate. 7 pages
IV. Air Gun – Superior Knowledge. 7 pages
V. Air Gun – Duty to Cooperate. 7 pages
VI. Air Gun – Government Cannot Prove Axion Failed 2nd FAT. 14 pages
VII. Corrosion – Copper Beryllium Touching Copper Ampule. 7 pages
VIII. Corrosion – Fluoboric Acid Corroding Copper. 7 pages

The eighty pages are likely to ultimately serve judicial economy. If Plaintiff prevails on even one of the eight grounds, the contract will be converted from a termination for default to a termination for convenience. Regardless, briefing the motions will likely narrow the issues for the parties.[1]

---

[1] Once the contract is converted to a termination for convenience, it will have the effect of transforming the contract to a cost-reimbursement contract. *See generally, Jacobs Engineering Group v. U.S.,* 434 F.3d 1378 (Fed. Cir. 2006) ("A contractor is not supposed to suffer as the result of a termination for convenience of the Government, nor to underwrite the Government's decision to terminated. If he has actually incurred costs … it is proper that he be reimbursed"). Put in perspective, a termination for convenience would moot much of the controversy among the parties such as the defense of accord and satisfaction. With the removal of numerous controversies, the likelihood of settlement would greatly increase thereby sparing all parties from the expense and aggravation of a trial.

Plaintiff's counsel has conferred with Defendant's counsel who indicated that they have no objection to this motion for leave to exceed the page limitations.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion to exceed the present page limitations, and permit it to file one brief consisting of not more than eighty (80) pages.

Submitted this the 1st day of August, 2006.

**ATTORNEY OF RECORD:**

/s/ Richard J.R. Raleigh, Jr.
**RICHARD J.R. RALEIGH JR.**
**WILMER & LEE, P.A.**
100 Washington Street, Suite 200
Huntsville, Alabama 35801
(256) 533-0202 Telephone
(256) 533-0302 Facsimile
E-mail: rraleigh@wilmerlee.com

**OF COUNSEL:**

**JEROME S. GABIG, JR.**
4811 Cove Creek Drive
Brownsboro, AL 35741
(256) 509-0279 Telephone
(256) 512-0020 Facsimile
E-mail: gabig3@comcast.net

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been furnished this 1st day of August, 2006, by U.S. Mail, postage prepaid and properly addressed to:

DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530

Richard Martinelli
Office of Counsel
Naval Inventory Control Point
Mechanicsburg, PA 17055-0788

/s/ Richard J.R. Raleigh, Jr.
**Counsel For Plaintiff**